MELINDA L. HAAG (SBN: 132612)
United States Attorney
ALEX G. TSE (CSBN 152348)
Chief, Civil Division
JUAN D. WALKER (SBN 208008)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6915
    FAX: (415) 436-6748
    juan.walker@usdoj.gov

Attorneys for Defendant

OLLIE EUGENE DUNLAP III
84-710 Kili Drive, Apartment No. 1817
Waianae, Hawaii 96792

Plaintiff in Pro Se

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OLLIE EUGENE DUNLAP III, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA; and DOES 1 through 100, Inclusive, <br><br> Defendants. | No. C-11-1276 (TEH) <br><br> **STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE; [PROPOSED] ORDER** |

    It is hereby stipulated by and between the undersigned Plaintiff Ollie Eugene Dunlap, III ("Plaintiff") and the Defendant UNITED STATES OF AMERICA ("Defendant"), by and through its attorneys, as follows:

    WHEREAS, the parties participated in a Settlement Conference with Judge Maria-Elena James on October 10, 2012, at which this Stipulation for Compromise Settlement and Release was reached.

STIPULATION FOR COMPROMISE SETTLEMENT
AND RELEASE; [PROPOSED] ORDER
C-11-1276 (TEH)

1  WHEREAS, Plaintiff and Defendant wish to avoid any further litigation and controversy and
2  to settle and compromise fully any and all claims and issues that have been raised, or could have
3  been raised in this action, which have transpired prior to the execution of this Settlement
4  Agreement;

5  WHEREAS, the parties intend this to be a full, final and complete settlement that resolves all
6  claims and potential claims that Plaintiff may have arising out of the subject medical care related
7  to the surgeries on March 23, 2007 and March 25, 2007, including Plaintiff's claims for personal
8  injury, past medical specials, future medical specials, wage loss, and loss of earning capacity
9  contained in the above-captioned action.

10  NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement,
11  and other good and valuable consideration, receipt of which is hereby acknowledged, the Parties
12  agree as follows:

13  1. **Agreement to Compromise Claims**. The parties do hereby agree to settle and
14  compromise each and every claim of any kind, whether known or unknown, arising directly or
15  indirectly from the acts or omissions that gave rise to the above-captioned action under the terms
16  and conditions set forth in this Settlement Agreement.

17  2. **Definition of "United States of America."** As used in this Settlement Agreement, the
18  United States of America shall include its current and former agencies, agents, servants,
19  employees, and attorneys, including but not limited to, the U.S. Department of Veteran's Affairs
20  and/or any of its current or former agents, servants, employees, and attorneys, including, but not
21  limited to, Dr. Phillip A. Starr and Dr. Nader Sanai.

22  3. **Settlement Amount**. The United States of America agrees to pay the sum of
23  One hundred forty nine thousand dollars ($ 149,000 ) ("Settlement Amount"), which sum shall
24  be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action
25  of whatsoever kind and nature, arising from, and by reason of any and all known and unknown,
26  foreseen and unforeseen personal injuries, damage to property and the consequences thereof,
27  resulting, and to result, from the subject matter of this settlement, including any claims for

28
STIPULATION FOR COMPROMISE SETTLEMENT
AND RELEASE; [PROPOSED] ORDER
C-11-1276 (TEH)                                    2

wrongful death, for which Plaintiff or his guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America.

4. **Release**. Plaintiff and his guardians, heirs, executors, administrators or assigns hereby agrees to accept the Settlement Amount in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff and his guardians, heirs, executors, administrators or assigns further agrees to reimburse, indemnify and hold harmless the United States of America from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by Plaintiff or his guardians, heirs, executors, administrators or assigns against any third party or against the United States, including claims for loss of consortium or wrongful death.

5. **Dismissal of Action**. In consideration of the payment of the Settlement Amount and the other terms of this Settlement Agreement, Plaintiff shall immediately upon execution of this Settlement Agreement also execute a Stipulation of Dismissal. The Stipulation of Dismissal shall dismiss, with prejudice, all claims asserted in this action, or that could have been asserted in this action. The fully executed Stipulation of Dismissal will be held by Defendant's attorney and will be filed within five (5) business days of receipt by Plaintiff of the Settlement Amount.

6. **No Admission of Liability**. This stipulation for compromise settlement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, and it is specifically denied that it is liable to the Plaintiff. This settlement is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

STIPULATION FOR COMPROMISE SETTLEMENT
AND RELEASE; [PROPOSED] ORDER
C-11-1276 (TEH)                                              3

1  7. **Parties Bear Their Own Costs**. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the Plaintiff will be paid out of the settlement amount and not in addition thereto.

8. **Attorney's Fees**. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

9. **Authority**. The persons signing this Settlement Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

10. **Waiver of California Civil Code § 1542**. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Plaintiff having reviewed the statutory language of Civil Code Section 1542, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning Plaintiff's injury and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the Agreement shall be and remain effective notwithstanding such material difference.

11. **Payment by Check**. Payment of the settlement amount will be made by check for *One hundred forty Nine Thousand* dollars ($149,000⁰⁰) payable to Ollie Eugene Dunlap, III. The check will be sent via federal express to Ollie Eugene Dunlap III, at the following address: *84-710 KILI DRIVE #1817 WAIANAE, HI 96792*. Plaintiff has been informed that payment of the Settlement Amount may take sixty (60) days or more to process from the date that the Court "so orders" this Agreement.

STIPULATION FOR COMPROMISE SETTLEMENT
AND RELEASE; [PROPOSED] ORDER
C-11-1276 (TEH)                                                         4

12. **Tax Liability.** If any withholding or income tax liability is imposed upon Plaintiff based on payment of the Settlement Amount, Plaintiff shall be solely responsible for paying any such determined liability from any government agency. Nothing in this Settlement Agreement constitutes an agreement by the United States of America concerning the characterization of the Settlement Amount for the purposes of the Internal Revenue Code, Title 26 of the United States Code.

13. **Construction**. Each party hereby stipulates that it has had an opportunity to consult independent counsel in the negotiations for the preparation of this Settlement Agreement, that it has had the opportunity to have counsel review and fully explain the contents of the Agreement to it, and is fully aware of and understands all of the terms of the Settlement Agreement and the legal consequences thereof. For purposes of construction, this Agreement shall be deemed to have been drafted by all Parties to this Settlement Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

14. **Severability**. If any provision of this Settlement Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

15. **Integration**. This instrument shall constitute the entire Settlement Agreement between the parties, and it is expressly understood and agreed that the Settlement Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Settlement Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Settlement Agreement. This Settlement Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

//
//
//

STIPULATION FOR COMPROMISE SETTLEMENT
AND RELEASE; [PROPOSED] ORDER
C-11-1276 (TEH)                5

16. **Liens**.  Plaintiff is responsible for satisfying any and all outstanding liens relating to Plaintiff's legal representation and medical treatment arising out of the subject matter of this action.  Plaintiff shall indemnify and hold harmless Defendant from any liability Defendant may incur from any lien claimant arising out of any failure by plaintiff to satisfy the outstanding liens.

Dated: October 10, 2012

*/s/ Ollie Eugene Dunlap III*
OLLIE EUGENE DUNLAP III
Plaintiff in Pro Se

Dated: October 10, 2012

MELINDA L. HAAG
United States Attorney

*/s/ Juan D. Walker*
JUAN D. WALKER
Assistant U.S. Attorney
Attorneys for Federal Defendant

[PROPOSED] ORDER

Pursuant to stipulation, IT IS SO ORDERED.

Dated: 10/10/2012

HON. THELTON E. HENDERSON
United States District Judge

STIPULATION FOR COMPROMISE SETTLEMENT
AND RELEASE; [PROPOSED] ORDER
C-11-1276 (TEH)                                              6